UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW DEMOTT and JANET DEMOTT,

    Plaintiffs,

v.                                                                   CASE NO: 8:08-cv-857-T-26EAJ

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
                                          /

**O R D E R**

      Plaintiffs have filed a three-count complaint against Defendant alleging breach of a homeowners insurance contract (count one), a first-party statutory bad faith claim under section 624.155 of the Florida Statutes (count two), and fraud (count three). In doing so, Plaintiffs have invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant has now moved to dismiss count two on the basis that Plaintiffs fail to state a cause of action for bad faith because there has yet to be a determination as to whether Defendant is liable for breaching its contract with Plaintiffs and, if so, the extent of damages suffered by Plaintiffs as a consequence of such a breach. Because the law of Florida supports Defendant's contention, the Court needs no response from Plaintiffs.[1] However, the Court will abate rather than dismiss count two.

---

[1] As the Eleventh Circuit noted in Davis v. National Med. Enter., Inc., 253 F.2d 1314, 1319 n.6, "[a]s a federal court sitting in diversity, we apply the substantive law of the forum state."

More than eight years ago, the Florida Supreme Court reaffirmed its prior holdings that bringing a cause of action under section 624.155 "is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla. 2000).  Less than three months ago, and prior to Plaintiffs filing their complaint on May 5, 2008, Florida's Second District Court of Appeal noted the "abundance of case law that holds that a first-party bad faith claim [under section 624.155] does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim."  State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So.2d 633, 635 Fla. Dist. Ct. App. March 7, 2008) (citing Vest, as well as three other Florida Supreme Court cases).  Indeed, as this Court observed in Midland Nat'l Life Ins. Co. v. Scott, 2007 WL 2208828 *1 (M.D. Fla. 2007), "[i]n a first-party, statutory bad faith claim in Florida, a claim for bad faith is premature until after the insured has proven liability under the policy."

Notwithstanding this "abundance of case law" predating the filing of their complaint, Plaintiffs' counsel still choose to file a first-party statutory bad faith claim prior to a determination of Defendant's liability and responsibility for damages in the underlying claim.  The Court, however, declines to dismiss count two.  Instead, the Court will abate that count in order to conserve judicial resources inasmuch as all of the parties to the bad faith claim are before the Court.  See Valiant Ins. Co. v. Progressive Plumbing, Inc., 2007WL 2936241 *4 (M.D. Fla. 2007).

Accordingly, it is ordered and adjudged as follows:

1) Defendant's Motion to Dismiss (Dkt. 7) is denied.

2) The Court abates any action with regard to count two until the issues of liability and damages have been resolved as to count one.

**DONE AND ORDERED** at Tampa, Florida, on June 5, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record